Marquis M. Davis #F-79213
Los Angeles County State Prison
Facility D-4-217
P.O. Box 8457
Lancaster, Calif. 93539-8457

In Pro Per

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 29 2012

FILED_____ _____
DOCKETED _____ _____
                    DATE      INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARQUIS M. DAVIS,
    Petitioner/Appellant,

    v.

SCOTT MCEWEN, (WARDEN),
    Respondent/Appellee,

Ct. of App. : ___12-17303___

Dist. Ct. : 2:09-cv-03510-JKS

MOTION FOR CERTIFICATE OF APPEAL/
STATEMENT WHY A CERTIFICATE SHOULD
ISSUE.

Marquis M. Davis, Petitioner/Appellant in the above entitled matter, appearing in Pro Per, hereby moves the Court of Appeals to issue a Certificate of Appealability (COA), pursuant to USC section 2253, FRAP 22, and Ninth Circuit Rule 22-1, thereby permitting Petitioner/Appellant to appeal from the judgment of the District Court, entered on the 28th of September 2012, denying the petition for Writ of Habeas Corpus.

On October 10, 2012, Petitioner/Appellant filed a timely Notice of Appeal in the United States District Court, Eastern District of California.

1.

## ISSUE ON WHICH A (COA) IS SOUGHT

(1).    Counsel advised defendant to plead guilty before he interviewed the victim. Subsequent to the plea, the victim contacted counsel and provided counsel with a declaration that he was unable to identify defendant as his assailant, following which, the defendant moved to withdraw his guilty plea. Does the defendant's attempt to withdraw his guilty plea demonstrate a reasonable probability that he would not have plead guilty, but for counsel's failure to interview the victim ?

TABLE OF CONTENTS

Page

Statement of The Case ..................................... 3-4

Statement of The Facts ................................... 4-5

Standard of Review ......................................... 6

Denial of Constitutional Right ........................... 6-10

Point I

BECAUSE THE EIGHTH CIRCUIT HAS FOUND A REASONABLE PROBABILITY THAT, BUT FOR THE ERROR, THE DEFENDANT WOULD NOT HAVE PLEAD GUILTY, WHERE THE DEFENDANT DESIRED TO VACATE HIS GUILTY PLEA UPON LEARNING OF THE ERROR, THE DISTRICT COURT'S FINDING THAT PREJUDICE IS "UNSUPPORTED BY THE RECORD", IS DEBATABLE.

6-10

Conclusion ............................................... 10

i

## TABLE OF AUTHORITIES

Page

U.S. v. Dominguez Benitez, 542 U.S. 74 (2004) .............. 6

U.S. v. Gray, 581 F3d 749 (8th cir. 2009) ................. 7-8

Hill v. Lockhart, 474 U.S. 52 (1985) ...................... 6

Lambright v. Stewart, 220 F3d 1022 (9th cir. 2000) ........ 7,10

Slack v. McDaniel, 529 U.S. 473 (2000) .................... 6

## STATEMENT WHY A CERTIFICATE OF APPEAL SHOULD ISSUE

### STATEMENT OF THE CASE

On April 20,2005, Davis was charged in Solano County with willfull, deliberate, and premeditated attempted murder. It was further alleged that he personally used and discharged a firearm, which caused great bodily injury. (Cal. Pen. Code sec.'s 664/187, 12022.53) (Dist. Ct. Memo. Decision, at 1) On November 6,2006, Davis plead guilty to the attempted murder charge and admitted the firearm enhancement, in exchange for a sentence of 25 years. (Id.)

On May 14,2007, Davis moved to withdraw his guilty plea, based on the victim declaring that he could not identify Davis as the person who shot him. (Id.) On June 21,2007, following an evidentiary hearing at which the victim testified and the Court denied the motion to withdraw the plea, the Court sentenced Davis to 25 years in prison. (Id.)

On October 31,2008, the California Court of Appeal, First Appellate District, affirmed the denial of the motion to withdraw the plea. (Id., at 1-2 n3) On January 28,2009, the California Supreme Court denied review. (Id., at 2)

On August 21,2009, Davis sought habeas relief in the Solano County Superior Court, which was summarily denied. (Id.) Davis then sought habeas relief in the California Supreme Court, which was summarily denied on June 9,2010. (Id.)

On December 8,2009, Davis sought federal habeas relief, (Id.), which the District Court, Eastern District of California, denied in a Memorandum Decision on September 28,2012. (Id., at 2 & 22-23)

## STATEMENT OF THE FACTS

On November 6,2006, the first day of trial, the Prosecutor put an offer of 25 years on the table. (RT., 113,116) The Court advised Davis that he should listen to his attorney's advice to accept the offer because he would still be a young man when he got out of prison. (Id., at 116) While the Court had no doubt that the last thing Davis wanted to do was to plead to a charge that would give him 25 years, it was unlikely that the Prosecutor's case would fall apart. (Id.) Davis then changed his plea to guilty and admitted the weapons use allegation. (Id., at 119-120)

After Davis changed his plea to guilty, in March 2007, the victim, Sean Wydermyer, contacted Davis's attorney to inquire whether Davis's appeal was still pending and, if so, whether he could be of assistance. (Id., at 139) Wydermyer informed Davis's attorney that he was unable to identify Davis as the shooter, and after meeting with him, Davis's attorney prepared a declaration to that effect, which Wydermyer read and signed. (Id., at 140)

On May 14,2007, Davis, through his attorney, filed a motion to withdraw his guilty plea, (Ans., at 2), and on May 24,2007,

4.

the Court held a hearing on the motion. (RT., at 124-125) During the hearing, the Court suggested that Davis plead for a reason other than to avoid exposure to a life sentence. (Id., at 134) Davis's attorney reminded the Court that they "w[ere] adamant for Mr. Davis to accept the plea and, ... , ... that [they] had fairly hard labor with the plea in this case". (Id., at 137-138)

Following the testimony of Wydermyer, the Court denied the motion to withdraw the plea and sentenced Davis to 25 years in prison. (Id., at 141-142 & 170-171) After exhausting his State remedies, (Dist. Ct. Memo. Decision, at 1-2), Davis sought federal habeas relief on the ground that, inter alia, Counsel made an inadequate investigation of the facts (referring to the victim's subsequent recantation). (Id., at 14)

The District Court recognized that "'[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice ''was within the range of competence demanded of attorneys in criminal cases''''". (Id., at 15)

The Court further recognized that "'[i]n order to prevail on prejudice before the state court [Davis] had to demonstrate ''a reasonable probability that, but for counsel's errors, he would not have plead guilty''''". (Id.) The Court found, however, that "[Davis's] allegations that his trial counsel['s] ineffective[ness] ... affected the plea, are factually [not] supported by the record". (Id., at 20) And denied Davis habeas relief. (Id., at 22)

5.

## STANDARD OF REVIEW

A Court considering a request for issuance of a Certificate of Appealability (COA) must determine whether the petitioner has made "a substantial showing of the denial of a constitutional right". Slack v. McDaniel, 529 U.S. 473,484 (2000). Where, as in this case, the District Court rejects the claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claim debatable or wrong". Id. "[A]ny doubt about whether the petitioner has met th[is] ... standard" is "resolve[d] ... in his favor". Lambright v. Stewart, 220 F3d 1022,1025 (9th cir. 2000).

## DENIAL OF CONSTITUTIONAL RIGHT

### POINT I

BECAUSE THE EIGHTH CIRCUIT HAS FOUND A REASONABLE PROBABILITY THAT, BUT FOR THE ERROR, THE DEFENDANT WOULD NOT HAVE PLEAD GUILTY, WHERE THE DEFENDANT DESIRED TO VACATE HIS GUILTY PLEA UPON LEARNING OF THE ERROR, THE DISTRICT COURT'S FINDING THAT PREJUDICE IS "UNSUPPORTED BY THE RECORD", IS DEBATABLE.

When a guilty plea is entered on the advice of counsel, prejudice is shown when there is a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty", Hill v. Lockhart, 474 U.S. 52,59 (1985), just as prejudice is shown on a Rule 11 violation when there is a "reasonable probability that, but for the error, [the defendant] would not have entered the plea". U.S. v. Dominguez Benitez, 542 U.S. 74,82 (2004).

6.

In the context of a Rule 11 violation, the Eighth Circuit has found a reasonable probability that, but for the error, the defendant would not have entered the plea, where the defendant's conduct indicated a desire to vacate the plea upon learning of the error. U.S. v. Gray, 581 F3d 749,754 (2009). Where "another circuit decide[s] the issue [of prejudice] in a different manner" than the District Court has, the "issue" is "debatable". Lambright v. Stewart, 220 F3d 1022,1026 (9th cir. 2000).

Here, on the advice of Counsel, and on the advice of the Court to listen to the advice of counsel, Davis changed his plea to guilty in exchange for a 25 year sentence. (RT., 113,116,119-120) After Davis changed his plea, the victim contacted Davis's attorney, informed Davis's attorney that he was unable to identify Davis as the shooter, and subsequently signed a declaration to that effect. (Id., at 139-40)

Davis then moved to withdraw his plea. In response to the Court's suggestion that Davis plead for a reason other than to avoid the life sentence, Davis's attorney reminded the Court that they "w[here] adamant for Davis to accept the plea and, ... , ... that [they] had fairly hard labor with the plea in this case". (Id., at 124-25,134,137-38) Following the victim's testimony, the Court denied the motion to withdraw the plea and sentenced Davis to 25 years in prison. (Id., at 141-42,170-71)

After exhausting his State remedies, Davis sought federal habeas relief on the ground that, inter alia, Counsel made an inadequate investigation of the facts (referring to the victim's recantation). (Dist. Ct. Memo. Decision, at 1-2,14)

7.

The District Court applied the governing standard of
Hill v. Lockhart, supra, and indicated that to prevail, Davis had
to demonstrate there was "'''a reasonable probability that, but
for counsel's errors, he would not have plead guilty'''", (Id.,
at 15), but the Court found that Davis's allegation that his plea
was affected by counsel's ineffectiveness was "unsupported by the
record", (Id., at 20), and denied relief. (Id., at 22)

In U.S. v. Gray, supra, a Rule 11 violation case, the
defendant was advised he faced a maximum sentence of 10 years,
and if he was found to be a armed career criminal, there was the
possibility of a mandatory minimum sentence of 15 years. He was
never informed he could face a life sentence if he was found to
be a armed career criminal. Id., at 750-51. After the defendant
changed his plea to guilty, in a Presentence Investigation Report
he was found to be a armed career criminal and it indicated that
he would be subject to a 15 year to life sentence. Id.

The defendant filed pro se objections on the ground that he
was not informed that he would face a life sentence when he plead
guilty. At his sentencing hearing the defendant made repeated
objections, but the Court responded dismissively, overruled the
objections, and subsequently sentenced the defendant to 15 years.
Id., at 751-52. The defendant appealed, alleging the District
Court violated FRCP 11, which required the Court to inform the
defendant of the maximum possible penalty, and of the minimum
penalty. Id.

8.

The Eighth Circuit found the District Court erred in failing to inform the defendant of either the minimum or maximum penalty he faced. Turning to the question of prejudice, the Court articulated the standard as being "the government must demonstrate [the defendant's] knowledge and comprehension of the maximum sentence would not have affected his willingness to plead guilty". Id., at 754.

The Court found the defendant's repeated objections indicated he was unaware of the enhanced sentencing range he faced, and that his "desire to vacate the plea, ... , indicate[d] he would have likely proceeded to trial rather than be subject to the increased sentencing range he faced as an armed career criminal", and on this basis concluded the government could not demonstrate the defendant's knowledge and comprehension of the maximum penalty would not have affected his willingness to plead guilty. Id.

Because the Eighth Circuit found, where the record indicated the defendant's "desire to vacate the plea", there was a reasonable probability that, but for the error, the defendant would not have plead guilty, Gray, supra, at 754, while the District Court in this case has found, where the record shows Davis moved to vacate his plea, there was not a reasonable probability that, but for counsel's errors, Davis would not have plead guilty, (Dist. Ct. Memo. Decision, at 2-3/20), reasonable jurists would find the District Court's assessment debatable. Lambright v. Stewart, supra, (the fact that another circuit decided the issue differently renders the issue debatable for

9.

for purposes of meeting the Certificate of Appealability standard). Id., at 1026.

## CONCLUSION

Davis, having shown that the Eighth Circuit resolved the issue of prejudice differently, where the record demonstrated the defendant's desire to vacate his plea upon learning of the error, than the District Court has, where the record demonstrates the defendant moved to vacate his plea, a Certificate of Appealability should issue.

Respectfully Submitted,

DATED: 10|23|12

Marquis M. Davis
Marquis M. Davis

10.

PROOF OF SERVICE

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 2 9 2012

FILED_____
DOCKETED_____  DATE    INITIAL

I, Marquis M. Davis, CDCR identification number F-79213, declare that I am over 18 years of age, that I am a party to the attached matter, and that I reside at Los Angeles County State Prison in the county of Los Angeles, California. My mailing address is: Los Angeles County State Prison, Facility D-4-217, P.O. Box 8457, Lancaster, California. 93539-8457.

On ___October 23,2012___, I delivered into the custody of prison officials, at the address given above, the attached: (1) MOTION FOR CERTIFICATE OF APPEAL/STATEMENT WHY A CERTIFICATE SHOULD ISSUE, in a sealed envelop with postage fully prepaid, and addressed to:

Peggy S. Ruffra
Deputy Atty. Gen.
455 Golden Gate Ave.
Suite 11000
San Francisco, Calif.
94102-7004

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge. Executed this 23 day of October, 2012, at Los Angeles County State Prison, Lancaster, Ca. 93539-8457.

Marquis M. Davis